649 So.2d 528 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Clifton CORMIER and Kevin Peter Sias, Defendants-Appellants.
No. CR94-537.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
*529 Janet M. Perrodin, Asst. Dist. Atty., for State.
G. Paul Marx, Lafayette, for Kevin Sias and Clifton Cormier.
Before GUIDRY, C.J., and KNOLL and WOODARD, JJ.
KNOLL, Judge.
Clifton Cormier, Kevin Sias, Sidney Morrison, and Carl Batiste were charged by bill of information with possession with intent to distribute cocaine.[1] After waiving a trial by jury, Cormier, Sias, and Morrison were found guilty of possession of cocaine, a violation of LSA-R.S. 40:967(C). Each defendant received a suspended sentence of two and one-half years at hard labor, a $500 fine, and was placed on two years active supervised probation. Relying on two assignments of error, defendants Cormier and Sias[2] appeal. We affirm.

FACTS
On June 30, 1993, the Narcotics Division of the Lafayette Parish Sheriff's Office set up a surveillance operation in response to citizen complaints of drug dealing at Duke's Lounge, located in a high crime area of Lafayette. From his concealed position in a field directly across the street from the lounge, Deputy Stan Perkins used high powered binoculars to watch for suspicious activity in the lounge parking lot. Shortly after midnight, he observed a black male subject, later identified as Clifton Cormier, approach a man standing in the parking lot. The two spoke briefly, then made a hand to hand transaction. Thereafter, Cormier and three men, later identified as Kevin Sias, Sidney Morrison, and Carl Batiste, walked to a red four-door Toyota Corolla parked in the lot, got into the car, and left Duke's. Deputy Perkins radioed a take-down unit that was in the area and advised them of what he had seen.
Officers Todd Bergeron and Dewitt Sheridan of the Lafayette City Police Department took the information from Deputy Perkins. They pursued the Toyota to the intersection of Bossier Street and North St. Antoine Street, where Cormier made a right turn without signaling one hundred feet before the intersection, in violation of LSA-R.S. 32:104(B). Upon seeing the traffic violation, Officer Bergeron stopped the vehicle and ordered Cormier, the driver, out of the car. Officer Bergeron testified at trial that Cormier
"appeared to be very nervous and startled. He kept asking me why I stopped him. Finally I went ahead and told him the traffic violation that he had committed.... And that he was observed making a hand to hand transaction in a high crime, drug trafficking area which led us to suspect that illegal narcotics or weapons could be in the car."
After removing the three passengers from the car, Officer Bergeron obtained permission *530 from Cormier to search the vehicle for illegal narcotics.[3] A small clear plastic bag containing four rocks of crack cocaine was recovered from the floorboard of the front passenger side of the car. Although each of the men denied knowing anything about the narcotics, the four were advised of their Miranda rights and arrested. Six more rocks, located on the rear passenger seat, were discovered in a subsequent vehicle inventory search.
During trial, the District Attorney conceded that there was insufficient evidence to convict the defendants of possession with intent to distribute. The trial judge found the defendants guilty of simple possession of cocaine. Cormier and Sias appeal their convictions, asserting that the trial court erred (1) in upholding the search of the car because the police did not have any articulable facts upon which to base an investigatory stop, and (2) in finding the defendants guilty of the responsive verdict of possession of cocaine absent evidence of the defendants' dominion and control over the cocaine.

INVESTIGATORY STOP
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by article 215.1 of the Louisiana Code of Criminal Procedure, as well as both state and federal jurisprudence. See, e.g., Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La.1983). An investigatory stop must be based upon reasonable cause to believe that the individual has been, is, or is about to be engaged in criminal conduct. LSA-C.Cr.P. Art. 215.1; State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
"Reasonable cause," which the jurisprudence has defined as something less than probable cause, must be determined under the facts of each case; the officer must have sufficient knowledge of particular facts to reasonably suspect the individual of criminal activity, and thus to justify infringement of the individual's right to be free from governmental interference. State v. Belton, supra. The totality of the circumstances must be considered in determining whether reasonable cause exists. Id. (citing United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)).
The nature or reputation of the area of suspected criminal activity is an articulable fact upon which an officer may legitimately rely and which is relevant to a determination of reasonable cause. Areas known to be high crime areas are places where the character of the area gives color to conduct which might not otherwise arouse the suspicion of the police. State v. Buckley, 426 So.2d 103 (La.1983).
While flight, furtive gestures, nervousness, or a startled look at the sight of a law enforcement officer is, by itself, insufficient to justify an investigatory stop, this type of conduct may be highly suspicious, and therefore may be one of the factors leading to a finding of reasonable cause. State v. Balthazar, 617 So.2d 1319 (La.App. 3d Cir.), writ denied, 625 So.2d 170 (La. 1993). In addition, the police officer's experience and training may be considered in deciding whether he made reasonable inferences from the facts at hand. State v. Fikes, 616 So.2d 789 (La.App. 2d Cir.1993) (citations omitted).
Defendants contend that this case was "simply a random sweep, where the police stopped people at random, hoping to stumble onto drugs." We disagree, and find that Officer Bergeron had reasonable cause to make an investigatory stop of the red Toyota. Based upon the traffic violation and Deputy Perkins' observation of a hand to hand transaction in the parking lot of Duke's Lounge, a location notorious for drug dealing, and the reasonable inferences drawn from these facts, a trained police officer had reasonable cause under the "totality of the circumstances" standard to believe that the defendants were engaged in criminal conduct. *531 Accordingly, the investigatory stop of the defendants was lawful.[4]
This assignment of error is without merit.

SUFFICIENCY OF THE EVIDENCE
When the issue of sufficiency of the evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983) (citing State v. Richardson, 425 So.2d 1228 (La.1983)).
LSA-R.S. 40:967(C) prohibits the knowing or intentional possession of cocaine. Possession of illegal drugs can be in the form of actual possession, if the contraband is found on the defendant's person, or constructive possession, if the circumstances show that the contraband is subject to the defendant's dominion and control. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Williams, 608 So.2d 266 (La.App. 3d Cir. 1992).
Whether a defendant has dominion and control over illegal drugs involves an analysis of the
defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person found to be in actual possession; the defendant's access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and any evidence that the particular area was frequented by drug users.
State v. Tasker, 448 So.2d 1311, 1314 (La. App. 1st Cir.), writ denied, 450 So.2d 644 (La.1984) (citing Bujol v. Cain, 713 F.2d 112 (5th Cir.1983)). The mere presence of the defendant in the area where the drugs are found, or the mere fact that the defendant knows the person in actual possession, is insufficient to prove constructive possession; rather, guilty knowledge is an essential element. State v. Trahan, supra; State v. Williams, supra. The determination of whether there is possession sufficient to convict depends upon the facts peculiar to each case. State v. Trahan, supra (citing State v. Cann, 319 So.2d 396 (La.1975)).
During the trial of the present case, Carl Batiste testified on behalf of the State. He claimed to have found a package of crack cocaine at a gas station earlier on the evening in question. He stated that before going to Duke's Lounge, he shared the contents of the package with the other three defendants, giving Cormier four rocks and Morrison and Sias each one, and kept the remainder for himself. Cormier and Morrison both denied receiving any cocaine that night.
At the time the four men left Duke's in the red Toyota, Cormier was driving and Morrison was sitting in the front passenger seat. Sias and Batiste were in the back seat; Sias behind the driver and Batiste on the passenger side. The cocaine was found on the front passenger side floorboard (near Morrison) and on the rear passenger side seat (near Batiste).
Viewing the evidence in the light most favorable to the prosecution, it is clear that the trial judge could have reasonably found that Cormier and Sias exercised dominion and control over the cocaine found in the car. Batiste testified that he gave crack cocaine to Cormier, Sias, and Morrison. There was testimony presented that before leaving Duke's, Cormier had been observed making a hand to hand transaction in the parking lot. Cormier was driving a small car, and at least one bag of crack cocaine was in plain *532 view on the front passenger side floorboard. Another bag was discovered on the back seat. While the defendants were not found in actual possession of the cocaine, we find these facts are sufficient to establish that Cormier and Sias had knowledge of the presence of the cocaine and sufficient dominion and control over it to constitute constructive possession.
This assignment of error is without merit.

ERRORS PATENT
Our review of the record reveals one error patent. At sentencing, the defendants were not advised of the prescriptive period for post-conviction relief.
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows that the court did not so inform the defendants. This defect has no bearing on whether the sentence is excessive and is not grounds to reverse the sentence or remand the case for resentencing. The three year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Arts. 914 or 922, so prescription is not yet running. Apparently, the purpose of the notice of Article 930.8(C) is to inform the defendant of the prescriptive period in advance; thus, the district court is directed to inform the defendants of the provisions of Article 930.8 by sending appropriate written notice to the defendants within ten days of the rendition of this opinion and to file written proof in the record of the proceedings that the defendants received the notice. See State v. Fontenot, 616 So.2d 1353 (La.App. 3d Cir.), writ denied, 623 So.2d 1334 (La.1993).
AFFIRMED, WITH INSTRUCTIONS.
NOTES
[1] Batiste pleaded guilty before trial to a reduced charge of possession of cocaine.
[2] Sidney Morrison is not before us on appeal.
[3] Cormier admitted at trial that he freely and voluntarily consented to the search of the car.
[4] Although the defendants do not appeal the subsequent seizure of the cocaine, we note from the record that the cocaine on the front passenger side floorboard was in plain view, and thus was lawfully seized under the "plain view" exception to the warrant requirement. The six rocks of crack cocaine discovered in the back seat were lawfully seized during an inventory search of the vehicle after the defendants were arrested.