liDECUIR, Judge.
Defendant, Nathaniel Smith, was charged with possession of cocaine with the intent to distribute in violation of La.R.S. 40:967(A)(1). Defendant entered a plea of not guilty and filed a Motion to Suppress any “alleged controlled dangerous substance which the state seeks to introduce as evidence ... because it was seized without a warrant and in violation of defendant’s rights.... ” After a hearing, the trial court denied defendant’s motion. Subsequently, defendant withdrew his former plea of not guilty and entered a plea of guilty in accordance with State v. Crosby, 338 So.2d 584 (La.1976), preserving his right to appeal the denial of his Motion to Suppress. Defendant was sentenced to seven years, such sentence being suspended, and the defendant was placed on supervised probation for a period of three years. Defendant now appeals the denial of his Motion to Suppress.
FACTS
On May 31, 1994, Lake Charles Police Department Officers Ronnie Lemelle and Shawn Caldwell were on patrol when they observed the defendant leaning into the vehicle of Allen Rentz. Upon seeing the officers, defendant walked away from Rentz’ vehicle. When the officers stopped Rentz for traffic obstruction, Rentz told the officers he had a crack problem and he was trying to buy crack cocaine from the defendant. Citing Rentz for traffic obstruction, the officers let *571 him go. The officers resumed their routine patrol.
|2Thirty minutes later, Officers Lemelle and Caldwell returned to the intersection where they first observed defendant and saw him talking to an unknown female. The officers stopped their vehicle, asked defendant to place his hands on the vehicle and performed a pat-down search. Officer Caldwell removed a crack pipe and three rocks of crack cocaine from the defendant’s right pants pocket. Defendant was advised of his rights, arrested and transported to headquarters for further proceedings.
ERROR PATENT
In accordance with La.Code Crim.P. art. 920, we have reviewed the record for errors patent. We find no errors patent.
ASSIGNMENT OF ERROR
Defendant claims the trial court erred in denying his Motion to Suppress. Defendant filed a Motion to Suppress the evidence seized because it was obtained without a warrant. At the hearing on defendant’s motion, Officer Ronnie Lemelle testified on behalf of the state. No witness testified on behalf of the defense. The trial court denied defendant’s motion, finding Officer Lemelle had probable cause to search defendant. The trial court based its ruling on the fact that Officer Lemelle searched defendant shortly after receiving a statement against penal interest from Rentz.
In his brief, defendant claims the search upon his person was unreasonable since there was no evidence Rentz was a rehable informant and no effort was made by the officers to corroborate or substantiate Rentz’ information. Furthermore, defendant argues his actions were not unusual or suggestive of criminal activity. Finally, defendant asserts the search upon him was unreasonable since Officer Lemelle never suggested he felt that he or anyone else was in danger when he and Officer Caldwell stopped defendant. Therefore, defendant argues that the search was not a protective search for a dangerous weapon.
This court stated the following in State v. Hutchinson, 620 So.2d 1205, 1207 (La.App. 3 Cir.), writ denied, 627 So.2d 661 (La.1993):
Probable cause to search exists when the facts and circumstances are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Huffman, 419 So.2d 458 (La.1982). To determine whether the information furnished by a confidential informant provides probable cause for an arrest or search, a court must utilize a “totality of the circumstances analysis” and consider, among other things, the informant’s veracity, facts relating to the informant’s basis of knowledge and corroboration of the informant’s information. Illinois v. Gates, 462 U.S. 213, 103 IgS.Ct. 2317, 76 L.Edüd 527 (1983); State v. Raheem, 464 So.2d 293 (La.1985). While an informant’s past record for accuracy and reliability is one factor to take into account in determining the reliability of the tip in question, this alone will not always support a finding of probable cause. Corroboration of details of an informant’s tip by independent police investigation is valuable in applying a totality of the circumstances standard to these type cases. Gates, supra.
Although the above is the test usually adhered to when determining whether the information provided by an informant is sufficient to find probable cause, we find the statement given by the informant in the present case was sufficient by itself to find probable cause to search the defendant for crack cocaine. In State v. Mena, 399 So.2d 149, 152 (La.1981), the supreme court stated that “[a]dmissions of crime carry their own indicia of credibility sufficient at least to support a finding of probable cause to search.” In the instant case, Officer Lemelle testified that when he stopped Mr. Rentz, Mr. Rentz “advised — his own free will that he had a crack problem, that’s when he was — in town, and he was directly trying to buy crack cocaine from Mr. Smith [defendant].” Rentz’ statement was an admission of a crime. According to Mena, Mr. Rentz’ statement to police was sufficient to support *572 a finding of probable cause to search defendant. Thus, the search of defendant for crack and the subsequent seizure of crack found in defendant’s pocket were reasonable.
In addition to the informant’s statement against interest, several other factors contributed to a finding of probable cause in the case sub judice. Officer Lemelle testified that the area where he first saw defendant leaning into Mr. Rentz’ car is an area known for drug dealing, and he has personally arrested or investigated someone in that area for selling crack cocaine. Officer Lemelle further testified that because of his experience, he suspected defendant was trying to sell Mr. Rentz crack cocaine when he was leaning into Mr. Rentz’ car and when defendant quickly fled as the officers approached Mr. Rentz’ car. In State v. Cormier, 94—537 (La.App. 3 Cir. 11/2/94); 649 So.2d 528, 530, the court explained:
The nature or reputation of the area of suspected criminal activity is an articulable fact upon which an officer may legitimately rely and which is relevant to a determination of reasonable cause. Areas known to be high crime areas are places where the character of the area gives color to conduct which might not otherwise arouse the suspicion of the police. State v. Buckley, 426 So.2d 103 (La.1983).
Additionally, Officer Lemelle testified that when he approached Mr. Rentz’ vehicle, defendant quickly fled. Officer Lemelle further testified that when he and Officer Caldwell approached defendant the second time, defendant “looked at us like we were ghosts or something.” The Cormier court further analyzed other factors:
UWhile flight, furtive gestures, nervousness, or a startled look at the sight of a law enforcement officer is, by itself, insufficient to justify an investigatory stop, this type of conduct may be highly suspicious, and therefore may be one of the factors leading to a finding of reasonable cause. State v. Balthazar, 617 So.2d 1319 (La.App. 3 Cir.), writ denied, 625 So.2d 170 (La.1993). In addition, the police officer’s experience and training may be considered in deciding whether he made reasonable inferences from the facts at hand.
Cormier, 649 So.2d at 530.
Considering the above factors, we find the officers had probable cause to search defendant for crack cocaine. Thus, the trial court was correct in refusing to suppress the contraband seized from the defendant.
CONCLUSION
For the foregoing reasons, the trial court’s denial of the defendant’s Motion to Suppress is affirmed.
AFFIRMED.