| iTHIBODEAUX, Judge,
dissenting.
I dissent from the majority’s opinion to affirm the conviction and the sentence of the defendant.
The defendant’s position that the evidence was insufficient to prove constructive possession beyond a reasonable doubt is well taken. It is axiomatic that the mere presence of an individual in an area where drugs are found is insufficient to prove constructive possession. The facts of this case simply do not show guilty knowledge on the part of the accused. The state did not prove the defendant’s knowledge of illegal drugs in the area, no one was found in actual possession of the drugs, no evidence was adduced with regard to recent drug use by the defendant, and 12there was no evidence that the area of arrest was frequented by drug users. See State v. Cormier, 94-537 (La.App. 3 Cir. 11/2/94), 649 So.2d 528.
As our supreme court observed in State v. Mussall, 523 So.2d 1305, 1311 (La.1988): “... [t]he jury cannot be permitted to specu *766 late if the evidence is such that reasonable jurors must have a reasonable doubt.” That is exactly what happened in this case. Courts should not countenance the deprivation of a person’s liberty based on such skimpy evidence.
For the foregoing reasons, I respectfully dissent.