hWOODARD, Judge.
The defendant, Shirley Willis, is appealing his conviction of possession of methamphetamine to which he entered a plea of not guilty. The defendant’s motion for new trial was denied, and he was sentenced to four years at hard labor, a $5,000.00 fine, and assessed court costs. We affirm.
FACTS
On January 12,1997, five officers from the DeRidder Police Department arrived at Thomas Johnson’s (Johnson) camper trailer in furtherance of an investigation which started on January 11, 1997. During the course of the investigation, the officers came to suspect that Johnson may be in possession of a controlled substance, called methamphetamine. Johnson lived in a camper parked on property owned by Mr. James Tweedel (Tweedel). Tweedel also lived in a trailer located on the same lot.
Sergeant John Gott (Officer Gott) and Deputy Saul Wilson (Officer Wilson) parked in Tweedel’s driveway, got out of their vehicle and walked towards Johnson’s thirty-foot-long camper in which they observed three men moving around. Officer ^Wilson shouted for the three men to step out. Tweedel complied fúst, followed by Johnson shortly thereafter. As a defensive measure, the officers then glanced at the inside of the camper through the entrance door. The entrance door faces the living room; to the left is the kitchen, followed by a bathroom and a bedroom. Officer Gott testified that he observed the defendant leaning into the bathroom area before exiting the trailer.
Johnson gave the officers permission to search the camper. One of the officers searched the area where he had seen the defendant leaning. He opened a vanity and saw a plastic baggie containing white powder, sitting on top of a trash can. The officer moved the trash can and found another baggie of white powder and a small black plastic canister. The canister contained another baggie of white powder and a whitish color rock. The officers found more white powder baggies and traces of white powder in a pan, a pipe, and a set of scales. Tests performed on the white powder substance revealed that it contained methamphetamine. The search also resulted in finding a marijuana baggie, some marijuana seeds, and a burnt marijuana cigarette.
Defendant was charged on March 21,1997, with one count of possession of methamphetamine with the intent to distribute. The charge was amended on April 17,1997, to the charge of one count of possession of methamphetamine with intent to distribute and one count of distribution of methamphetamine. The charges were again amended on June 30, 1997, to one charge of possession of methamphetamine. The defendant entered a plea of not guilty to the final charge on June 30, 1997.
Johnson and Tweedel both entered a plea to reduced charges in exchange for their agreement to testify against the defendant. A trial by jury took place on October 20, 1997, through October 22, 1997. The jury found the defendant guilty of possession of *106 methamphetamine. On January 6, 1998, the trial court denied his motion for a new trial, and on January 13,1998, he was sentenced to four years at hard labor, fined $5,000.00, and assessed court costs. The defendant now appeals his conviction.
ASSIGNMENTS OF ERROR
Defendant assigns that the trial court erred in: (1) allowing the prosecution to introduce into evidence, “other crimes” evidence while highly prejudicial, improperly introduced, contrary to the law and the court’s initial ruling, and without holding an evidentiary hearing; and (2) deciding that the prosecution presented sufficient ¡¡evidence to prove possession of methamphetamine, and that at best, the prosecution proved an attempted possession of methamphetamine.
LAW
ERRORS Patent
In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we found no errors patent.
Sufficiency of the Evidence
The defendant claims that the trial court erred in finding that the prosecution presented sufficient evidence to convict him of possession of methamphetamine. When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. State v. Hearold, 603 So.2d 731 (La.1992). Accordingly, we address first whether the evidence was sufficient to support the conviction.
When an appeal raises the issue of the sufficiency of the evidence, we must review the entirety of the evidence to determine whether it is sufficient to support a conviction. Id. The constitutional standard for testing the sufficiency of the evidence in order to sustain a conviction is whether, after viewing the evidence in a light most favorable to the prosecution, any reasonable trier of fact could conclude that the state proved the essential elements of the crime charged beyond a reasonable doubt. State v. Scales, 93-2003 (La.5/22/95); 655 So.2d 1326, cert. denied, 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670 (1996); State v. White, 544 So.2d 620 (La.App. 3 Cir.1989), writ denied, 550 So.2d 648 (La.1989).
The defendant asserts that in a light most favorable to the prosecution, the evidence proved only an attempted possession of methamphetamine, that Johnson was merely about to give the defendant some methamphetamine. The defendant argues that he did not know of the presence of the methamphetamine in the camper. He stated that he went to the camper to tell Johnson that Mr. Robert J. Latiolais (Latiolais) agreed to loan Johnson some money to purchase a truck owned by the defendant. Testimony adduced establishes that Latiolais works late at night and that the defendant could not kwait to make the sale. Johnson corroborated that the defendant told him about the truck that evening.
Consequently, the defendant claims that there was no evidence that the defendant actually ever possessed, touched, or exercised control over the methamphetamine. We disagree. After viewing the evidence in a light most favorable to-the prosecution, we find that any reasonable trier of fact could have found that the state proved beyond a reasonable doubt that the defendant actually or constructively possessed methamphetamine.
First, the state introduced ample evidence showing that the defendant actually possessed methamphetamine. Johnson testified that the defendant asked him for methamphetamine and that the defendant knew that Johnson possessed methamphetamine because the defendant provided him with one ounce worth $2,000.00 the Friday before the day in question. Johnson stated that he told the defendant he could have one baggie. He stated that they both went by the bathroom and Johnson was about to give the defendant the baggie when the police arrived. Johnson placed the methamphetamine on the sink, in the bathroom, and went out to meet the police. The defendant remained in the bathroom area.
*107 Officer Gott testified that he saw the defendant leaning into the bathroom by the area where he found the methamphetamine before the defendant exited the trailer. Johnson also testified that the defendant had “snorted” a few minutes before the police arrived. Tweedel testified that the defendant asked Johnson for methamphetamine and that he assumed that the topic of the conversation between Johnson and the defendant was drug related. Tweedel stated that he thought that Johnson and the defendant made a drug deal by the bathroom just before the police arrived.
Although the defendant testified that he neither saw, nor possessed, nor used any methamphetamine in the trailer, the jury could have found from the evidence that the defendant removed the plastic baggie from the sink, placed it on the vanity, and thus, possessed the methamphetamine. The jury could have also found that the defendant had “snorted” methamphetamine with Johnson. The jury gave much weight to the testimonies presented by the state. We shall leave such determination undisturbed.
Second, we agree with the trial court that there was sufficient evidence to prove that the defendant constructively possessed methamphetamine. To show constructive possession, the state must introduce evidence showing that the defendant controlled [and exercised dominion over the contraband. State v. Cormier, 94-537 (La.App. 8 Cir. 11/2/94); 649 So.2d 528. A person’s dominion and control over contraband is determined by defendant’s knowledge that illegal drugs are located in the area; the defendant’s relationship with the person found to be in actual possession; the defendant’s access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant’s physical proximity to the drugs; and any evidence that the particular area was frequented by drug users. The mere presence of the defendant near the area where the drugs are found, or the mere fact that the defendant knows the person in actual possession, is insufficient to prove constructive possession; rather, guilty knowledge is an essential element. The determination of whether possession is sufficient to convict depends upon the facts peculiar to each case. Id. We apply the standard of review set forth by the supreme court in Scales, 655 So.2d 1326, and find that any reasonable trier of fact could conclude that the evidence supports each of the above factors. Johnson and Tweedel both testified that the defendant asked for methamphetamine. Johnson testified that he was about to give the defendant some methamphetamine when the police arrived and that he and the defendant “snorted” a few minutes before the police arrived. Officers Gott and Wilson both testified that the defendant was standing by the bathroom near the area where the methamphetamine was found. Finally, the prosecution presented ample evidence that drug users frequented Johnson’s trailer. It is established that drug users were actually present in the camper when the police arrived and had been using drugs prior to the arrival. Furthermore, marijuana, methamphetamine, a scale, and a pipe were found in plain view in the residence. Both the scale and the pipe contained methamphetamine residue.
The evidence adduced at trial sufficiently established that the defendant both actually and constructively possessed methamphetamine on the day in question. Thus, this assignment lacks merit.
Admissibility of OtheR CRIMES Evidence
The defendant claims that the trial court improperly admitted other crimes evidence. Other crimes evidence is inadmissible unless it tends to prove a material issue and has independent relevance other than showing the defendant’s bad character. In State v. Silguero, 608 So.2d 627, 629-30 (La.1992); the court explained that:
_JgOne statutory exception to the general rule of exclusion is other crimes evidence used to prove knowledge when proof of such is required to establish guilt. La. Code Evid. art. 404 B(1). We have found that “in this sense, ‘guilty knowledge’ is used to negate an innocent explanation for an undoubtedly unlawful act, as possibly done unknowingly.” State v. Slayton, 338 So.2d 694, 697 (La.1976) (emphasis in original). In narcotics possession and distribution cases the state has the burden of *108 proving “guilty knowledge.” However, the prosecution cannot introduce an extraneous offense under the guise of proving “guilty knowledge” when in fact it is not a genuine matter in issue. State v. Clark, 338 So.2d 690, 693 (La.1976).
(Footnote omitted.) Before trial, the state filed a Motion to Determine Admissibility of Other Crimes Evidence. On October 20, 1997, the trial court held a pretiial hearing to determine whether the state could introduce evidence that the defendant sold Johnson methamphetamine on January 10,1997. The state argued that the evidence was admissible to show guilty knowledge, absence of mistake, intent, plan, and pattern in the charged offense of possession of methamphetamine.
The defendant requested that the trial court rule the evidence of a distribution offense inadmissible when the only issue was one of possession and that the probative value of the evidence was outweighed by the dangers of unfair prejudice. The trial court ruled that the evidence may be admitted for the limited purpose of showing guilty knowledge, to rebut a defense alleging mistake, or absence of guilty knowledge.
During Johnson’s testimony at trial, the state requested a sidebar at which it announced its intention to introduce the evidence of the previous sale. The trial court informed the attorneys that it would give a limiting instruction to the jury. Defense counsel requested that the court tell the jury that he objected to the introduction of the evidence for the same reasons that he stated during the pretrial hearing, but he did not make any more specific objections.
In this assignment of error, the defendant raises several issues. First, the defendant claims that the trial court should have ruled the “other crimes” evidence inadmissible on the grounds that the prosecution did not present clear and convincing evidence of the crime at the pretrial hearing and that the admission of the evidence created an unfair prejudice for the defendant. He argues that the prejudicial admission of the evidence was compounded by the district attorney’s repeated reference to the prior offense in his closing argument.
[/It is well settled that before “other crimes” evidence can be admitted at trial, the state must: (1) comply with the notice requirement and limiting instructions set out in State v. Prieur, 277 So.2d 126 (La.1973), (2) prove by a preponderance of the evidence evidence that the other bad act occurred and was committed by the defendant, (3) show that the evidence falls within one of the La.Code Evid. art. 404(B)(1) exceptions, and (4) show that the probative value of the evidence outweighs its potential prejudicial value. See State v. Jackson, 625 So.2d 146 (La.1993); see also State v. Crawford, 95-1352 (La.App. 3 Cir. 4/3/96); 672 So.2d 197, writ denied, 96-1126 (La.10/4/96); 679 So.2d 1379 (changing the second prong of the test from clear and convincing evidence to preponderance of the evidence).
The defendant argues that the trial court allowed “other crimes” evidence to come in without respecting part (1) and (4) of the test. We reject the defendant’s claim without reaching the merits. It is not necessary for this court to determine whether the other crimes evidence was properly admitted if we find that this constituted a harmless error. Crawford, 672 So.2d 197.
In the instant ease, we find that, whether or not an error was committed, the error was harmless. It is already established that sufficient evidence existed to prove that the defendant actually or constructively possessed the methamphetamine on the day in question without using the testimony regarding the previous offense. Furthermore, the trial court instructed the jury to consider the evidence only for the purpose of proving the defendant’s guilty knowledge. The trial court further instructed the jury that they may not find the defendant guilty for the charged offense just because he may have committed another offense.
Second, the defendant claims that the trial court erred when it admitted evidence of other crimes, in contradiction to its ruling at the pretrial hearing. The defendant argues that the state’s introduction of such evidence, prior to a defense on ground of lack of guilty knowledge or mistake, constituted an unfair *109 surprise. We dismiss the claim without deciding its merits. We find that the defendant is precluded from asserting such defense because he failed to object at trial to the improper timing of the introduction. La.Code Crim.P. art. 841.
Third, the defendant alleges that the other crimes evidence was improperly introduced. He maintains that the trial court should have ordered an evidentiary hearing prior to admitting the evidence and that such a mistake allowed the state to ^introduce the evidence without offering any evidence establishing that the distribution of methamphetamine actually occurred. He urges that an evidentia-ry hearing would have given him the opportunity to impeach the state’s witnesses.
Again, we dismiss the claim without reaching its merits. The defendant did not object, either before or during trial, to the state’s failure to prove that the other crimes occurred. The defendant is, thus, precluded from raising such a claim for the first time on appeal. See La.Code Crim.P. art. 841.
CONCLUSION
For the reasons stated in this opinion, the defendant’s conviction and sentence are affirmed.
AFFIRMED.