588 So.2d 757 (1991)
STATE of Louisiana
v.
Frank GREEN.
No. 90-KA-1497.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1991.
Harry F. Connick, Dist. Atty., Martin Melton, Asst. Dist. Atty., New Orleans, for appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for appellant.
Before SCHOTT, C.J., and LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
Defendant, Frank Green, was indicted for the second degree murder of Damon Jackson, a violation of La.R.S. 14:30.1.
*758 Defendant was arraigned on July 18, 1989 and pled not guilty. Trial was held on April 17, 1990. Defendant was found guilty as charged by a twelve member jury. On May 25, 1990, defendant was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.
FACTS:
During the late afternoon of May 25, 1989, a group of friends, including defendant, were congregated in and around a courtyard of the Calliope Housing Project in the 1400 block of S. Rocheblave Street in New Orleans. Defendant and several others were on the front porch of the apartment of Larry Butler. Less than one hour before the shooting, a man named Fernandez Steel approached defendant on the porch and told him something which enraged defendant. At trial, Leroy Williams, who was with defendant on the porch, testified that he could not hear the conversation between Steel and defendant. He opined that it must have concerned Damon Jackson because defendant attacked Jackson when Jackson walked toward the porch. Defendant struck Jackson first and a fight then broke out between them. Williams and another man pulled the pair apart. Jackson then left with his brother-in-law who happened to be on the scene. Defendant then tried to enter the Butler apartment to look for a gun which he knew was kept inside stating that he was going to kill Jackson. Williams stopped defendant from entering the house and defendant then left. Williams then went into the apartment and removed the gun so that defendant could not find it if he returned. Approximately thirty to thirty-five minutes later, while Williams was talking to another man not too far from the apartment, defendant walked up to him and demanded the gun. Williams tried to talk defendant out of taking the gun telling him the fight was over, but defendant insisted. Fearing for his own safety, Williams gave defendant the gun. Defendant then approached Jackson, who had stopped to speak to a friend in the courtyard, and shot him from behind. As Jackson turned and fell to the ground, defendant shot him again. As Jackson lay on the ground dying, defendant shot him several more times. Defendant then fled.
Defendant appeals his conviction and sentence asserting the state failed to prove him guilty of second degree murder beyond a reasonable doubt in light of the overwhelming mitigating factors establishing manslaughter. Specifically, defendant argues that no rational trier of fact could have found that defendant had the specific intent to kill and that there were no mitigating factors that caused defendant to act in "sudden passion" or "heat of blood." We disagree.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987); State v. Fuller, 414 So.2d 306 (La.1982).
Nevertheless, the reviewing court may not disregard its duty to consider whether the evidence is constitutionally sufficient simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. Mussall, supra. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. Mussall, supra. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall, supra.
Defendant was convicted of second degree murder. Second degree murder is:
"The killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm."
*759 Defendant argues that the evidence supports a finding of manslaughter, not second degree murder. Manslaughter (La. R.S. 14:31) is:
"(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed; or
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Articles 30 or 30.1, or of any intentional misdemeanor directly affecting the person; or
(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under Articles 30 or 30.1."
Because "heat of blood" or "sudden passion" are not elements of the crime but rather factors which serve to mitigate the grade of the offense from homicide to manslaughter, the defendant must establish them by a preponderance of the evidence. State v. Lombard, 486 So.2d 106 (La.1986); on remand, 501 So.2d 889 (La.App. 5th Cir. 1987), writ den., 506 So.2d 504 (La.1987); State v. Camp, 571 So.2d 195 (La.App. 4th Cir.1990); State v. Silbey, 450 So.2d 710 (La.App. 4th Cir.1984).
In the instant case, the evidence at trial clearly shows the fight between defendant and Jackson had ended approximately thirty-five minutes prior to the shooting. Both defendant and Jackson had separated and left the area. No evidence was presented that Jackson threatened defendant or was carrying a weapon. Rather, the testimony of Leroy Williams shows defendant went in search of a weapon with which to kill Jackson. He subsequently succeeded in obtaining the gun from Williams, ran up behind Jackson and shot him numerous times. No words were exchanged between defendant and Jackson immediately prior to the shooting.
Given the above facts, a rational trier of fact could very well have found that defendant failed to prove by a preponderance of the evidence that he acted in "sudden passion" or "heat of blood" when he shot Jackson.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.