679 So.2d 380 (1996)
STATE of Louisiana
v.
Sydney SMITH.
No. 95-K-0061.
Supreme Court of Louisiana.
September 11, 1996.
Rehearing Denied September 3, 1996.
CALOGERO, Chief Justice, Concurring in the Denial of Rehearing.
I concur in the denial of rehearing in this case. This Court's opinion on original hearing suggests that there is simply no merit to an argument that successive trials for the same offense are prohibited.[1] With that passage I disagree. I believe, contrary to the expression of my brother, Justice Lemmon, in his concurrence to this rehearing denial, that punishment for each of these two offenses would be barred under the Blockburger test and the same evidence test, but for Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983), in which the United States Supreme Court held cumulative punishments for the same offense permissible if accomplished in a single trial. In the single trial context, the Double Jeopardy Clause serves only to constrain the sentencing court to punishing according to legislative intent. Id. at 366, 103 S.Ct. at 678. In the words of the Hunter Court:

*381 [S]imply because two criminal statutes may be construed to proscribe the same conduct under the Blockburger test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in Whalen [v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980)] is not a constitutional rule requiring courts to negate clearly expressed legislative intent.... Legislatures, not courts, prescribe the scope of punishments.
Hunter, 459 U.S. at 368, 103 S.Ct. at 679.
There is no question that, just as with felony murder and the particular underlying felony in a given case, the crimes of second degree feticide and manslaughter are the "same": conviction for second degree feticide, based on the killing of the fetus during the manslaughter of the mother, cannot be had without proving all of the elements of the underlying felony of manslaughter, just as, for example, a felony-murder conviction for killing during a rape cannot be had without proving all the elements of the rape. See Whalen, 445 U.S. at 694, 100 S.Ct. at 1439. When two offenses are the "same" under either the Blockburger test or the "same evidence" test, separate prosecution of each is jeopardy barred. That is the very heart of double jeopardy protection. However, if both offenses are prosecuted in a single trial, the two tests serve only as a first step in the jeopardy inquiry, by raising a rebuttable presumption against cumulative punishment. The second step, fashioned in Whalen, is determining whether a "clear indication of contrary legislative intent [to cumulatively punish]" exists to rebut that presumption. Id. at 691-92, 100 S.Ct. at 1437-38; see Jones v. Thomas, 491 U.S. 376, 381, 109 S.Ct. 2522, 2526, 105 L.Ed.2d 322 (1989). As indicated in this Court's opinion on original hearing, such a contrary intent was evident here. The Louisiana legislature clearly intended to punish the non-consensual, involuntary termination of a pregnancy, whether done intentionally, unintentionally, or negligently, in addition to any other criminal penalties which may be assessed with respect to harm done the mother, and not to combine those separate and distinct interests into a single offense punishable by a sentence which, as in this case, may be less than the punishment provided for the crime against the mother alone. Accordingly, the defendant's conviction of and cumulated sentences for both second degree feticide and the manslaughter of the mother, properly accomplished in a single proceeding, were not jeopardy barred.
NOTES
[1] The opinion states:

While an argument may be made such that the principles of double jeopardy may prohibit successive trials for second degree murder and second degree feticide, or even manslaughter and second degree feticide if the "same evidence" is used to convict a defendant of murder or manslaughter for the death of the mother and then for the termination of the unborn fetus, such argument is meritless.