688 So.2d 679 (1997)
STATE of Louisiana
v.
Samuel GAINES.
No. 96-KA-1850.
Court of Appeal of Louisiana, Fourth Circuit.
January 29, 1997.
*680 Sherry Watters, Orleans Indigent Defender Program, New Orleans, for Appellant.
Harry F. Connick, District Attorney, Joseph E. Lucore, Assistant District Attorney, New Orleans, for Appellee.
Before KLEES, LOBRANO and ARMSTRONG, JJ.
*681 LOBRANO Judge.
Defendant, Samuel Gaines, was charged with possession of cocaine, a violation of La. R.S. 40:967. A six member jury found him guilty as charged. He was subsequently adjudicated a fourth felony offender and sentenced to serve twenty years at hard labor.
FACTS:
On November 17, 1994, two police officers, while on patrol, approached the corner of Annunciation and Pleasant Streets. There, they observed defendant. One of the officers recognized defendant and knew that he was wanted. When defendant saw the officers' car approaching, he fled. The officers radioed other units in the area. Defendant was quickly apprehended. During a frisk search, a nine mm. loaded handgun was discovered in defendant's waistband. Defendant was then arrested. A further search revealed a small glass pipe containing a powder residue which later tested positive for cocaine.
Defendant testified in his own behalf. He admitted possessing the handgun and that he pled guilty to possessing it. He denied, however, possessing the glass pipe containing the cocaine residue. He testified he ran from the officers because he was in possession of the gun, not because he was in possession of cocaine. He stated that as he sat in the police car, one of the officers reached into the car, placed his hand near his sweatshirt, removed the glass pipe and told the other officers that he found it on defendant. The police officers testified that they routinely search their cars before and after transporting a suspect. Defendant admitted having prior convictions for theft, drug possession and armed robbery.
Defendant asserts the following assignments of error:
1. The trial court erred by denying defendant's challenge for cause of a prospective juror who was a police officer and for denying defendant's motion for a new trial because of this error.
2. The trial court erred by denying defendant's motion for sentencing pursuant to State v. Dorthey, and for imposing an excessive sentence.
3. The evidence was insufficient to support the conviction.
4. Defendant's double jeopardy rights were violated.

ASSIGNMENT OF ERROR NO. 1:
Defendant asserts the trial court erred by denying his challenge for cause of a juror who was a police officer and for denying his motion for a new trial based upon this refusal. We find merit in this argument.
Defendant challenged prospective juror, Keith Ferguson, for cause because Ferguson was an active police officer. His challenge was denied. Defendant then used a peremptory challenge to excuse Ferguson. Defendant then exhausted his remaining peremptory challenges before the entire panel was chosen.
Louisiana Code of Criminal Procedure Article 797 allows a defendant or the State to challenge a juror for cause for several reasons, including the impartiality of the juror. Where a defendant exhausts his peremptory challenges, he need only show that the trial court erroneously denied a challenge for cause. No additional showing of prejudice is required. See, State v. Robertson, 92-2660 (La.1/14/94), 630 So.2d 1278; State v. Mathis, 95-0862 (La.App. 4th Cir. 6/5/96), 675 So.2d 1217.
It has long been held that an actively employed law enforcement officer is not a competent criminal juror. State v. Simmons, 390 So.2d 1317, 1318 (La.1980); See also, State v. Vanderpool, 493 So.2d 574 (La. 1986).[1] Thus, it was reversible error for the trial court to deny the challenge for cause. Defendants motion for a new trial should have been granted based on this error. For this reason, defendant's conviction and sentence must be reversed and a new trial ordered.

ASSIGNMENT OF ERROR NO. 2
*682 Defendant argues that the trial court erred by refusing to sentence defendant below the statutory minimum pursuant to State v. Dorthey, 623 So.2d 1276 (La.1993).
Because we have determined that defendant's conviction must be reversed, discussion of this assignment is pretermitted.

ASSIGNMENT OF ERROR NO. 3:
Defendant asserts there is insufficient evidence to support his conviction. Specifically he asserts the state failed to prove he possessed the cocaine on the date of his arrest. We disagree.
Although his conviction must be reversed on other grounds, the issue of sufficiency of evidence must be addressed. When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. State v. Hearold, 603 So.2d 731, 734 (La.1992); State v. Monds, 91-0589 (La.App. 4th Cir. 1/4/94), 631 So.2d 536, 539, writ den. 94-0626 (La.4/22/94), 637 So.2d 164. If the evidence adduced at trial was insufficient, no retrial is possible.[2]
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4th Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green, supra. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La.R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987). If a rational trier of fact reasonably rejects the defendant's hypothesis of innocence, that hypothesis falls; and, unless another one creates reasonable doubt, the defendant is guilty. State v. Captville, 448 So.2d 676 (La. 1984).
To support a conviction for possession of a controlled dangerous substance (cocaine), the state must prove that the defendant was in possession of the illegal drug and that he knowingly or intentionally possessed the drug. La.R.S. 40:967; State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990).
Guilty knowledge is an essential element of the crime of possession of a controlled dangerous substance. State v. Goiner, 410 So.2d 1085 (La.1982). Although a conviction for possession of a controlled dangerous substance can stand on the possession *683 of the slightest amount of the drug, the amount of the substance will have some bearing on the defendant's guilty knowledge. State v. Spates, 588 So.2d 398 (La.App. 2nd Cir.1991).
In addition, the peculiar nature of the pipe, commonly known as a "straight shooter" and used exclusively for smoking crack cocaine, is also indicative of guilty knowledge. See, State v. Spates, supra at 402. Finally, flight is a circumstance from which guilt can be inferred. See, State v. White, 535 So.2d 929, 933 (La.App. 2nd Cir. 1988), writ denied, 537 So.2d 1161 (La.1989).
In the instant case, when defendant saw the officers approaching, he fled. At trial, all the officers testified that they routinely check the interior of their police cars before and after transporting a defendant to insure no contraband was left in the vehicle.
Officer Ricky L. Blanchard testified that he and Officer Don Pierce searched defendant. Officer Pierce found the glass pipe in defendant's right front pants pocket. Officer Daniel Scanlon testified that he was present when defendant was searched. He observed Officer Pierce remove the pipe from defendant's right front pants pocket. Officer Scanlon also testified that defendant was standing outside the police car when the weapon and pipe were found on his person.
Defendant denied possessing the pipe. He testified that he was setting in the police car when Officer Pierce falsely told the other officers that he searched defendant and found the pipe in his pocket.
Obviously, the jury found the testimony of the police officers credible and defendant's testimony not credible. The credibility of witnesses is for the trier of fact to determine. State v. Green, 613 So.2d 263, 268 (La.App.1992).
Once the jury rejected defendant's claim that he was not in possession of the pipe, the issue becomes whether defendant had the requisite knowledge under R.S. 40:967. In a somewhat vague pro-se argument defendant seems to contend that he could not knowingly possess the cocaine because only its residue was found in the pipe.
In State v. Jones, 94-1261 (La.App. 3rd Cir. 5/17/95), 657 So.2d 262, the court stated: "Physical possession of an instrument with no utility other than the ingestion of crack cocaine is sufficient under the Jackson v. Virginia, [443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)] standard to support a conviction for possession of cocaine." Id. at p. 12, 657 So.2d at 270. In that case the court found that defendant's actions, coupled with his possession of an object containing cocaine residue which has only one purpose (that being to smoke crack cocaine), provided sufficient evidence to show he knowingly possessed cocaine.
In the instant case the defendant ran when he saw the officers approaching him. Although part of this could be attributable to his wanted status and his possession of the gun, the jury could have also found that this action was partially due to his possession of the pipe containing the drug residue. In addition, one officer testified without contradiction as to the purpose of the pipe. See, State v. Spates, supra. At trial the appellant did not argue that the residue was so small that he could not have known it was in the pipe; instead, his defense was that one of the officers falsely told the others that he found the pipe on him while he was still sitting in the police care outside the police station. Given these factors, it appears the jury could have disbelieved the appellant's story, found beyond a reasonable doubt that he knowingly possessed the glass pipe as well as the cocaine residue inside it. This assignment is without merit.

ASSIGNMENT OF ERROR NO. 4:
Defendant argues that his conviction on the simple possession of cocaine charge violated his right against double jeopardy. Specifically, defendant bases his claim on the fact that he had already pled guilty to illegal possession of the weapon while in possession of the cocaine, pursuant to Louisiana Revised Statute 14:95(E).[3] Defendant argues that *684 the charges filed against him arose out of the same transaction and, as such, the "same transaction" test precludes prosecution on the possession charge.
Both the Louisiana and the United States Constitutions provide that no person shall be twice put in jeopardy of life or liberty for the same offense. U.S. Const. amend. V; La. Const. art. 1, section 15(1974); Code of Criminal Procedure Articles 591 and 596.[4]
In determining whether the double jeopardy clause bars subsequent prosecution, our Supreme Court has recognized two standards. In State v. Knowles, 392 So.2d 651, 654 (La.1980), the court stated the two rules as follows:
[Under] the test in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), ... [T]he applicable rule is that where the same act or transaction constitutes a relation of two distinct statutory provisions the test to be applied is whether each provision requires proof of an additional fact which the other does not...
* * * * * *
The `same evidence' test depends upon the proof required to convict, not the evidence actually introduced at trial. Thus, if evidence necessary to support the second indictment would have been sufficient to support the former indictment, double jeopardy prohibits the second prosecution. (Citations omitted).
Although recognizing these two tests, our Supreme Court has not adopted a "same transaction" test which would prohibit, on double jeopardy grounds, prosecution for different crimes committed during one sequential, continuing course of conduct. City of Baton Rouge v. Jackson, 310 So.2d 596, 598 (La.1975). Louisiana has principally relied on the broader "same evidence" test when evaluating double jeopardy claims. See, State v. Vaughn, 431 So.2d 763 (La. 1983); State v. Solomon, 379 So.2d 1078 (La. 1980); State v. Didier, 262 La. 364, 263 So.2d 322 (La.1972). Therefore, an accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating double jeopardy. State v. Nichols, 337 So.2d 1074, 1076-1078 (La.1976).[5]
Louisiana Revised Statute 14:95.1 sets forth the elements of possession of a firearm by a convicted felon:
A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(13) which is a felony ... to possess a firearm or carry a concealed weapon.
Louisiana Revised Statute 40:967(C) sets forth the elements of possession of cocaine:
It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner as provided in R.S. 40:978 while acting in the course of his professional practice, or except or otherwise authorized by this part.
The docket master in case 374-096 shows defendant was charged pursuant to Revised Statute 14:95.1. At trial, defendant stipulated that he pled guilty to being a *685 convicted felon in possession of a firearm with respect to the gun seized. Defendant had prior convictions for theft, possession of drugs and armed robbery. Armed robbery is defined as a crime of violence pursuant to Revised Statute 14:2(13)(w). The elements necessary to convict defendant on the possession of cocaine charge comprised no part of the weapons charge. The prosecution did not have to rely on any evidence needed to support the weapons charge to support the possession charge. Each offense requires the introduction of separate and distinct evidence. Defendant was properly charged and convicted for possession of cocaine without violating double jeopardy.
This assignment of error is without merit.
Accordingly, for the reasons assigned, defendant's conviction and sentence are reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] In Vanderpool, the court refused to reverse the defendant's conviction because he failed to show actual prejudice from the erroneous denial of the challenge for cause because he did not exhaust his peremptory challenges.
[2] Obviously, if there was insufficient evidence even in the face of an error so prejudicial as to warrant a new trial, then there can be no new trial.
[3] 14:95(E) provides:

A. Illegal carrying of weapons is:
E. If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, ... or while in the possession of or during the sale or distribution of a controlled dangerous substance, ...
[4] Art. 591. Double jeopardy; definition

No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.
Art. 596. Requirements for double jeopardy
Double jeopardy exists in a second trial only when the charge in that trial is:
1. Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial as to the charge in the second trial; or
2. Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
[5] See also, State v. Smith, 95-0061 (La.7/2/96), 676 So.2d 1068, reh'g denied 679 So.2d 380.