752 So.2d 314 (2000)
STATE of Louisiana
v.
Tyrone SMITH.
No. 98-KA-2645.
Court of Appeal of Louisiana, Fourth Circuit.
January 26, 2000.
*315 Arcenious F. Armond, Jr., Gretna, Louisiana, Counsel for Defendant-Appellant.
Harry F. Connick, District Attorney of Orleans Parish, Loan "Mimi" Nguyen, Assistant District Attorney, New Orleans, Louisiana, Counsel for State-Appellee.
(Court composed of Judge WILLIAM H. BYRNES, III, Judge MOON LANDRIEU, Judge DENNIS R. BAGNERIS, Sr.).
BYRNES, Judge.
On November 6, 1997, defendant Tyrone Smith was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967. Defendant pled not guilty at his arraignment on November 20, 1997. A preliminary and suppression hearing was held on January 30, 1998, at which the trial court found probable cause and denied defendant's motion to suppress evidence. After a jury trial on March 4, 1998, defendant was found guilty of attempted possession of cocaine. Defendant filed a motion for post judgment verdict of acquittal on March 11, 1998, which the trial court denied on March 13, 1998. Also on March 13th, the State filed a multiple bill of information, and a multiple bill and sentencing hearing was conducted on April 3, 1998. The trial court adjudicated defendant to be a second felony offender and sentenced him to serve five years at hard labor. The trial court denied defendant's motion to reconsider sentence but granted his motion for appeal.

STATEMENT OF FACTS:
At approximately 10:00 a.m. on September 27, 1997, New Orleans Police Officers Aldon Lanoux and Steve Taylor were patrolling in the Fischer Housing Development. As they drove through the fourteen hundred block of Semmes Street, they observed a blue Dodge van occupied by two persons and parked in the middle of the roadway. Officer Lanoux turned on the police vehicle's lights to let the subjects know that the officers were pulling them over. As the officers exited their vehicle, the driver of the vehicle, later identified as the defendant, abruptly *316 opened and closed his door. The officers shouted to defendant to stop; however, defendant drove the van down Semmes Street towards Hancock Street at a high rate of speed. The police officers returned to their vehicle, activated the siren and pursued the van. The van turned left onto Hancock Street, failing to stop at the stop sign, and continued on Hancock to General DeGaulle. As the van approached General DeGaulle, the officers observed defendant throw a clear cellophane bag, containing an unknown substance, from the van's window. The van then disregarded a red traffic light at General DeGaulle and attempted to turn right onto Anson Street. However, the van struck the curb and stopped, enabling the officers to detain both subjects.
After detaining the subjects, Officer Lanoux requested a drug dog to search the vehicle. Officer Taylor returned to the area where defendant had discarded the plastic bag, but he could not locate the bag. Officer Clarence Wethern, a dog handler with the K-9 section of the New Orleans Police Department, responded to Officer Lanoux's request for assistance. Prior to allowing the dog to search the van, Officer Wethern checked the van for potential dangers to the dog. During this check, the officer found a partially burned, hand-rolled cigarette in the center of the van, behind the front seat. When the dog sniffed the van, it alerted to an area near the driver's seat. The officer found another hand-rolled cigarette on the doorsill between the driver's seat and the driver's door.
Officer John F. Palm, Jr., a criminalist with the Crime Lab, testified that the substances in the hand rolled cigarettes tested positive for cocaine.
Shane Richardson, defendant's probation officer, testified that defendant had two prior convictions for distribution of cocaine. Defendant's probation began in August of 1996. In that month, defendant enrolled in a drug treatment program. Thirteen blood screens taken while defendant was in the drug treatment program tested negative for cocaine; however, in December of 1997, defendant tested positive for marijuana. Mr. Richardson admitted on cross-examination that it is possible to obtain a negative drug screen even if there are drugs in the subject's system, as trace amounts cannot be detected. Mr. Richardson stated that he could not determine from the results of defendant's drug screens whether defendant's system contained cocaine at the time the drug tests were conducted. And although Mr. Richardson stated that defendant tested negative for drugs on February 16, 1998, Mr. Richardson had informed defendant on January 28, 1998, that he would be tested for drugs prior to any early termination of his parole. Mr. Richardson testified that cocaine metabolizes out of a person's system after three to five days.

ERRORS PATENT:
A review of the record for errors patent reveals none.

ASSIGNMENTS OF ERROR ONE AND TWO:[1]
In these assignments of error, defendant claims that the evidence produced at trial was not constitutionally sufficient to sustain his conviction for attempted possession of cocaine.
In State v. Ash, 97-2061 (La.App. 4 Cir. 2/10/99), 729 So.2d 664, writ denied, 99-0721 (La.7/2/99), 747 So.2d 15, this court summarized the standard of review that applies when a defendant claims that the evidence produced to convict him was constitutionally insufficient:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, *317 any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989). When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proved such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
To prove attempted possession of cocaine, the State must show that the defendant had the specific intent to possess cocaine and committed an act directly tending toward his intent to possess the drug. State v. Lavigne, 95-0204 (La.App. 4 Cir. 5/22/96), 675 So.2d 771, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140. Possession may be actual or constructive. State v. Chambers, 563 So.2d 579, 580 (La. App. 4 Cir.1990). A person in the area of the contraband may be considered in constructive possession if it is subject to his dominion and control and if he has guilty knowledge. State v. Trahan, 425 So.2d 1222, 1226 (La.1983); State v. Cormier, 94-537, p. 5 (La.App. 3 Cir. 11/2/94), 649 So.2d 528, 531; Bujol v. Cain, 713 F.2d 112, 115 (5 Cir.1983), cert. denied, 464 U.S. 1049, 104 S.Ct. 726, 79 L.Ed.2d 187 (1984).
Factors relevant to a defendant's dominion and control include, but are not limited to, the defendant's knowledge that illegal drugs are in the area; his access to the area where the drugs are found and physical proximity to the drugs; evidence that the area was frequented by drug users; and evidence of recent drug use by the defendant. State v. Cormier, 649 So.2d at 531.
The elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances. State v. Reaux, 539 So.2d 105 (La.App. 4 Cir.1989). The fact finder may draw reasonable inferences to support these contentions based upon the evidence presented at trial.
Guilty knowledge is an essential element of the crime of possession of cocaine. State v. Goiner, 410 So.2d 1085, 1086-87 (La.1982). Although a conviction for possession of cocaine can stand on the possession of the slightest amount of the drug, the amount of the substance will have some bearing on the defendant's guilty knowledge. State v. Gaines, 96-1850, pp. 5-6, (La.App. 4 Cir. 1/29/97), 688 So.2d 679, 682-83, writ denied, 97-0510 (La.9/5/97), 700 So.2d 503; State v. Spates, 588 So.2d 398, 401 (La.App. 2 Cir.1991). In addition, the possession of drug paraphernalia is, because of the items' peculiar nature, indicative of guilty knowledge. Gaines, p. 6, 688 So.2d at 683; Spates, 588 So.2d at 402. Finally, flight is a circumstance from which guilt can be inferred. See State v. White, 535 So.2d 929, 933 *318 (La.App. 2 Cir.1988), writ denied, 537 So.2d 1161 (La.1989).
This court upheld the defendant's conviction for attempted possession of cocaine in State v. Lavigne, supra. In Lavigne, the defendant was found to be in possession of a crack pipe which had a residue in it. The residue proved to be cocaine. The defendant alleged that he found the pipe on the street and did not know it contained cocaine because he could not see the residue; he claimed his intent was to throw the pipe away when he got home. In affirming the defendant's conviction, this court noted that the defendant's guilty knowledge could be inferred from his dominion and control over the pipe and the residue of cocaine found in the pipe. Lavigne, 675 So.2d at 779.
In the present case, cocaine was contained in two hand-rolled cigarettes located near the driver's seat in the van. A partially burned cigarette was found behind the driver's seat near the center of the van; and the other cigarette was found on the driver's doorsill, between the driver's seat and the driver's door. Defendant, who was identified as the driver of the vehicle, was also observed discarding a plastic bag containing an unknown substance while trying to flee from the police officers; and he committed at least two traffic violations in that attempted flight. This attempted flight and the officers' observation that defendant threw something from the van were indicative of defendant's guilty knowledge; there was thus sufficient evidence for the jury to have concluded that defendant knew of the tainted cigarettes and intended to possess them. The fact that at least one cigarette was found completely on the driver's side of the van further supports the jury's conclusion that defendant attempted to possess cocaine before encountering the police. Viewing the evidence in the light most favorable to the State, we are unable to conclude that the jury was irrational in finding defendant guilty beyond a reasonable doubt.
Because defendant's assignments of error lack merit or are abandoned, and because there are no errors patent, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] Because defendant failed to brief Assignments of Error Three, Four and Five, they are deemed abandoned on appeal and will not be considered. Rule 2-12.4, Uniform Rules Courts of Appeal; State v. Bray, 548 So.2d 350 (La.App. 4 Cir.1989).