ARMSTRONG, Chief Judge.
The defendant, Patrick Clark, appeals from his conviction of possession of oxyco-done, a controlled dangerous substance, in violation of La.R.S. 40:966(C)(2), pursuant to a bill of information filed on July 31, 2003. For the reasons that follow, we affirm his conviction and sentence.
The defendant pleaded not guilty at his August 5, 2003 arraignment. On January 20, 2004, the trial court denied his motion to suppress the evidence. He was tried and found guilty as charged by a six-person jury on August 31, 2004. The trial court denied his motion for new trial on September 7, 2004 and, after the defendant announced that he was ready for sentencing, sentenced him to forty-two months at hard labor. The defendant objected to the trial court’s denial of his motion for reconsideration of sentence, and on November 22, 2004, the defendant pleaded guilty to being a third-felony habitual offender. The trial court adjudicated defendant a third-felony habitual offender, vacated the original sentence imposed, and resentenced defendant to forty months at hard labor. The trial court granted defendant’s written motion for appeal on November 23, 2004, and this appeal follows.
|2New Orleans Police Department Officer James Young testified at trial that on July 22, 2003 he was on proactive patrol in plainclothes in the Bourbon Street area of the French Quarter, along with his part *794 ner, Martin Holloway[1]. The officers approached defendant in the 500 block of Bourbon Street, after having observed him in an apparently intoxicated condition, stumbling down the street and apparently trying to sell the beads he was wearing to other pedestrians. The defendant was wearing a mask made of leather and feathers, in violation of a city ordinance limiting the wearing of masks to Mardi Gras and Halloween. When he approached the defendant, Officer Young detected an overwhelming odor of alcohol on defendant’s breath. Officer Young told the defendant he was not allowed to wear the mask, whereupon the defendant became belligerent. At that point the officers placed defendant under arrest for public intoxication, believing that he posed a danger to himself and others. They also cited the defendant for other violations.
Officer Young further testified that he and Officer Holloway conducted a search incident to that arrest, and found a prescription pill bottle containing seven oxyco-done tablets in defendant’s left front pants pocket. A label on the prescription bottle had been torn off, and the defendant had no other evidence on his person suggesting that he had a prescription for the drugs. The defendant said he had a prescription for the drugs, but was unable to say from what pharmacy he had received the medication or for what condition he was taking the medication. He claimed a store owner was throwing the pills away and gave them to him. Officer Young identified the pill bottle and the drugs at trial.
|3Officer Young testified on cross-examination that possession of oxycodone is illegal only if the person does not have a prescription for it. He said the defendant told the officers that someone was throwing the pills away and gave them to him. The defendant made no attempt to discard the oxycodone when the officers approached him and identified themselves, nor did he fidget while talking to the officers. He also testified that the mask and beads were no longer available.
It was stipulated that if called as a witness New Orleans Police Department crime lab technician Nan Hang would testify that the pills seized from defendant tested positive for oxycodone.
A review of the record reveals no errors patent.
The defendant asserts that the evidence adduced at trial is insufficient to sustain his conviction. Specifically, he argues that the evidence is insufficient to establish beyond a reasonable doubt that the oxyco-done was not obtained directly or pursuant to a valid prescription or order dispensed or administered directly by a medical practitioner or administered by a person authorized to administer by such practitioner. See La. R.S. 40:967(C); La. R.S. 40:978.
This court set out the well-settled standard for reviewing convictions for sufficiency of the evidence in State v. Ragas, 98-0011 (La.App. 4 Cir. 7/28/99), 744 So.2d 99, as follows:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the re *795 viewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational | ¿triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green; supra. “[A] reviewing-court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, swpra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
98-0011 at pp. 13-14, 744 So.2d at 106-107, quoting State v. Egana, 97-0318, pp. 5-6 (La.App. 4 Cir. 12/3/97), 703 So.2d 223, 227-228.
La. R.S. 40:967(C) states it is unlawful: [F]or any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, as provided in R.S. 40:978[2] while acting in the course of his professional practice, or except as otherwise authorized by this Part.
Oxycodone is a Schedule II controlled dangerous substance. La. R.S. 40:964, Schedule II(A)(1)(o). La. R.S. 40:967(C) contemplates that possession of Schedule II drugs is illegal unless the possessor obtained them |ñdirectly from a practitioner or that the possessor obtained them pursuant to a valid prescription. That is, it would subvert the obvious purpose of the statute to interpret it to mean that one could legally possess Schedule II drugs as long as someone in the chain of possession had obtained them pursuant to a valid prescription.
The defendant argues that he carried his burden of proof that he possessed the *796 drugs pursuant to a valid prescription, and that once that proof was made the burden shifted to the State to prove beyond a reasonable doubt that no such prescription existed, a burden the defendant submits the State failed to carry.
The evidence shows that the drugs were in what appeared to be a prescription bottle, but that the label that had been on the bottle had been removed. Upon questioning, the defendant testified that an unidentified person was going to throw the pills away, but instead gave them to him, thus admitting that he had not obtained the drugs pursuant to a valid prescription. The jury could infer that this unidentified person from whom defendant acquired the drugs was not a medical practitioner or someone authorized to dispense the drugs.
Accordingly, viewing all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found all of the essential elements of the offense of possession of a Schedule II controlled dangerous substance present beyond a reasonable doubt.
The defendant assigns no error with respect to his sentence as a third felony offender.
For the foregoing reasons, we affirm the defendant’s conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.

. At the time of trial, Officer Holloway was working for the United States Border patrol in Arizona.

. La. R.S. 40:978 states in pertinent part that:
A. Except when dispensed or administered directly by a medical practitioner or administered by a person authorized to administer by such practitioner, other than a pharmacist, to an ultimate user, no controlled dangerous substance included in Schedule II, which is a prescription drug as determined under the Louisiana Revised Statutes, of 1950, may be dispensed or administered without the written prescription of a practitioner, except that in emergency situations, as prescribed by the department by regulation, such drug may be dispensed or administered upon oral prescription reduced promptly to writing and filed by the pharmacist. Prescriptions shall be retained in conformity with the requirements of La.R.S. 40:976. No prescription for a Schedule II substance may be refilled.