PAUL A. BONIN, Judge.
I ¶ A six-person jury found Brandon Fon-tenot guilty as charged of possession of methamphetamine. Mr. Fontenot argues on appeal that the evidence is insufficient to support the jury’s verdict. Following the jury’s verdict, the district judge sentenced him to serve forty years at hard labor in the custody of the Department of Corrections. Mr. Fontenot argues on appeal that the sentence imposed, even though it is within the statutory sentencing range for an habitual offender,. exceeds that which is constitutionally permitted.
After our review of all of the evidence under the well-known Jackson v. Virginia standard, we find that the evidence is sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find that that all elements of the offense have been proved beyond a reasonable doubt. Also, after our review of the sentencing hearing, and especially the district judge’s well-articulated findings of fact under the factors set out in La.C.Cr.P. art. 894.1, we find that the sentencing judge did not abuse his great discretion and that the |asentence imposed does not exceed that which is constitutionally permissible in this case.
Thus, we affirm Mr. Fontenot’s conviction and sentence.[1] We explain our holdings in greater detail below.
*156 I
We first set out the facts developed at the trial.
Mr. Fontenot was a passenger in a car being operated by Paul Dowling. Officer Stephen Gaudet and Officer Brian Phillips observed Mr. Dowling violate a traffic regulation. The officers stopped Mr. Dowl-ing’s car.
Officer Gaudet approached the car on the passenger-side as Officer Phillips, slightly delayed, approached the driver-side. Officer Gaudet first observed Mr. Fontenot, the defendant, looking over his left shoulder toward Officer Phillips. Officer Gaudet alerted Officer Phillips to that movement. Next, Officer Gaudet, according to his trial testimony, saw Mr. Fonte-not reach into a bag and pass the red and white Marlboro cigarette box to Mr. Dowl-ing. Mr. Dowling then placed it underneath himself on the seat.
The officers then directed both Mr. Fon-tenot and the driver out of the car. Officer Gaudet then retrieved a crumpled red and white Marlboro box from on top the driver’s seat. Upon looking inside the box, Officer Gaudet discovered methamphetamine in a clear plastic wrapping.
lsThe Marlboro box was later registered with the police evidence room, identified during the trial by Officer Gaudet, and introduced into evidence. Officer Gaudet admitted on cross-examination that he had twice described the cigarette box in his written report as a “green Kool” cigarette box. He characterized the description as mistaken.
Officer Phillips, however, had not observed Mr. Fontenot passing anything to the driver and had not noticed the Marlboro box or the bag from which Mr. Fonte-not had obtained the box before both were recovered by Officer Gaudet. Upon searching the driver, Officer Phillips discovered a glass pipe used to smoke methamphetamine. Also, marijuana was found on the backseat of the car.
Mr. Fontenot falsely identified himself to the officers as Brandon Fontaine, but his true identity was learned during the sheriffs booking process.
At trial, the only witnesses who testified were the two police officers.[2] Although Mr. Fontenot called Mr. Dowling, the driver, as a witness, he had not been subpoenaed and was not present.[3] The jury’s guilty verdict was unanimous.
II
In this Part we examine Mr. Fontenot’s argument that the evidence is insufficient to support the jury’s verdict and explain why we disagree. We first address the standard of review for sufficiency of evidence, then we consider the elements of the offense for which Mr. Fontenot has been convicted, and finally we | consider all the evidence in light of the standard of review, the elements of the offense, and the burden of proof.
A[4]
The standard of review for sufficiency of evidence applicable to criminal convictions in state courts is set out in Jackson v. Virginia, 443 U.S. 307, 318-319, *157 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). “After [In re ] Winship [397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) ] the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.” Id. “But this inquiry does not require a court to ‘ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.’ ” Id. quoting Woodby v. INS, 385 U.S. 276, 282, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). (emphasis added by Jackson). “Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. (bold emphasis in original); see also Johnson v. Louisiana, 406 U.S. 356, 362, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), (stating: “Jury verdicts finding guilty beyond a reasonable doubt are regularly sustained even though the evidence was such that the jury would have been justified in having a reasonable doubt.”).
In discharging our review function, we consider “all of the evidence ” before the actual fact-finder. Jackson, 443 U.S. at 319, 99 S.Ct. 2781 (emphasis in original). The United Instates Supreme Court has explained that the standard of review for sufficiency of evidence is highly deferential to the fact-finder because it “gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.” Id. Thus, when “faced with a record of historical facts that supports conflicting inferences [a reviewing court] must presume — even if it does not appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.” Id. at 326, 99 S.Ct. 2781.
“The criterion thus impinges upon ‘jury’ discretion only to the extent necessary to guarantee the fundamental protection of due process of law.” Id. at 319, 99 S.Ct. 2781.
Thus, “[a] reviewing court may impinge on the factfinding function of the jury only to the extent necessary to assure the Jackson standard of review.” State v. Macon, 06-0481, p. 8 (La.6/1/07), 957 So.2d 1280, 1285. “It is not the function of an appellate court to assess credibility or reweigh the evidence.” Id. at 1286. The Due Process Clause of the Fourteenth Amendment, the source of the Jackson standard, does not countenance, much less require, that we re-weigh testimony and witness credibility. And “[i]n criminal cases [a court of appeal’s] appellate jurisdiction extends only to questions of law.” La. Const, art. V, § 10(B). See also State v. Barthelemy, 09-0391, p. 24 (La.App. 4 Cir. 2/24/10), 32 So.3d 999, 1015.
Therefore, in discharging our review function for sufficiency of evidence, we cannot re-weigh or re-consider reasonable inferences drawn from basic facts to ultimate facts. We must confine ourselves to questions of law except to the extent, [ fiand only to the extent, that Jackson mandates otherwise. State v. Gilmore, 10-0059, p. 7 (La.App. 4 Cir. 10/6/10), 50 So.3d 208, 213.
B
Methamphetamine is classified on Schedule II as a controlled dangerous substance. See La. R.S. 40:964, Schedule II C(2). The attributes of a Schedule II substance include that it has a currently accepted medical use but with severe restrictions because of its high potential for abuse, which “may lead to severe psycho *158 logical or physical dependence.” La. R.S. 40:963 B. “It is unlawful for any person knowingly or intentionally to possess any controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription.” La. R.S. 40:967 C.[5]
The essential elements of the offense are that the defendant knowingly or intentionally possessed, actually or constructively, the substance methamphetamine. See State v. Sylvester, 10-1021, p. 4 (La.App. 4 Cir. 3/30/11), 63 So.3d 288, 291. That Mr. Fontenot knowingly or intentionally possessed methamphetamine can be proven by circumstantial evidence. See State v. Brown, 03-0897, p. 22 (La.4/12/05), 907 So.2d 1, 18 (“Specific intent need not be proven as a fact, but may be inferred from the defendant’s actions and the circumstances of the transaction.”).
C
A rational trier of fact could reasonably have inferred that Mr. Fontenot “knowingly or intentionally possessed” methamphetamine from the circumstances 17surrounding his arrest. “In determining whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we consider ‘in the light most favorable to the prosecution’ not only the facts but also reasonable inferences drawn ‘from basic facts to ultimate facts.’ ” Gilmore, p. 7, at 213 citing Jackson, 443 U.S. at 319, 99 S.Ct. 2781.
Mr. Fontenot saw police officers approaching and then passed a cigarette box containing methamphetamine to Mr. Dowl-ing. Mr. Dowling then hid the cigarette box under himself on the seat. A reasonable inference a fact-finder can draw from these facts is that Mr. Fontenot passed the cigarette box to Mr. Dowling because he knew it contained methamphetamine. Because a rational trier of fact could reasonably have found that Mr. Fontenot knew what was in the cigarette box, we are in no position to overturn the finding that he knowingly or intentionally possessed methamphetamine.
Ill
We now turn to describe the facts which the district judge explicitly considered during Mr. Fontenot’s sentencing hearing, which was conducted under La. R.S. 15:529.1, the statute providing for enhanced sentencing penalties for habitual or repeat offenders.
The prosecution established, and Mr. Fontenot did not contradict, that the current conviction is his fourth felony conviction. Although only 29 years old at the time of this conviction, Mr. Fontenot has already been convicted of the crimes of simple robbery, possession of cocaine, and manufacturing and/or delivering a controlled dangerous substance. Thus, he was eligible for punishment for a period of not less than twenty years up to a life sentence. La. R.S. 15:529.1 A(4)(a). He was not eligible for probation or suspension of sentence. La. R.S. 15:529.1 G.
| ¡/Die sentencing judge observed that even beyond Mr. Fontenot’s extensive criminal history, he had never satisfactorily completed any period of probation or parole supervision.
*159 Importantly, during the period of Mr. Fontenot’s pre-trial release on bond while facing the current charge, without authorization he left the court’s jurisdiction, traveled to San Diego, California, and while there was arrested and charged with transportation of methamphetamine, possession for sale of methamphetamine, more than 28.5 grams, and simple possession of methamphetamine by the drug enforcement agency in San Diego.
Mr. Fontenot admits to being a drug addict. And his counsel, during the hearing, reminded the sentencing judge that the prosecution had earlier on two separate occasions offered Mr. Fontenot plea bargains for lesser sentences. At one point shortly after arraignment, in return for a plea of guilty as charged the prosecution agreed not to institute habitual offender proceedings against Mr. Fontenot and to limit his sentence to one year, with credit for time served. This offer was rejected by Mr. Fontenot. Later, before trial, after it came to the prosecution’s attention that Mr. Fontenot was facing billing as a fourth felony offender, the prosecution offered yet another plea bargain to Mr. Fontenot. This time the state offered to bill him as a triple offender and to limit his sentence to ten years, which was to be served consecutively to his sentence from his ease in Texas. This offer, too, was rejected by Mr. Fontenot.
|9The prosecutors explained that these offers had been made before the issuance of the court-ordered pre-sentence report, which revealed a more extensive criminality on the part Mr. Fontenot than had been previously known by them.[6]
IV
In this Part we first consider the standard by which we ordinarily review a sentencing decision by a district judge, which is an abuse-of-discretion standard, as well as the constitutional limitation on the district judge’s exercise of such discretion. We then consider whether the district judge’s sentencing decision was within his discretion and not unconstitutionally excessive, and finally conclude that the sentence imposed by the district judge was within his discretion.
A
The Legislature directs that a district judge should consider the sentencing factors set out in La.C.Cr.P. art. 894.1 and be guided (but not controlled) by them in exercising his or her discretion in determining the kind and length of sentence to be imposed. When the sentencing judge adequately complies with the directive of Article 894.1 and his findings are supported by the record, a reviewing court may not set aside the sentence on the ground that it is excessive. See La. C.Cr.P. art. 881.4 D; see also State v. Black, 98-0457, p. 8 (La.App. 4 Cir. 3/22/00), 757 So.2d 887, 892. The sentencing judge, thus, has great discretion in sentencing within the statutory limits. State v. Trahan, 425 So.2d 1222, 1227 (La.1983).
The only qualification to this limitation of review of a sentence for excessiveness, even if the sentence falls within the statutory limit, is found in Article I, Section 20 of the Louisiana Constitution of 1974 which guarantees that |m“[n]o law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment.” See State v. Dorthey, 623 So.2d 1276, 1280 (La.1993).
A sentence within the statutory limit is constitutionally excessive if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless imposition of pain and suffer *160 ing. State v. Landry, 03-1671, p. 8 (La. App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239-1240, citing State v. Johnson, 97-1906 pp. 6-7 (La.3/4/98), 709 So.2d 672, 676.
B
We begin by noting that the sentence of forty years imprisonment is within the statutory limit. And we emphasize that the district judge did not impose the maximum penalty of life imprisonment, which is reserved for the most egregious violators. See State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1982).
Next, the sentencing judge, commendably and helpfully, thoroughly considered the following three factors: there is an undue risk that the defendant would commit another crime; the defendant is in need of correctional treatment, and a lesser sentence will deprecate the seriousness of the defendant’s crime. See La.C.Cr.P. art. 894.1 A. The sentencing judge found that Mr. Fontenot had engaged in other serious, related criminal conduct while on pre-trial release. See also La.C.Cr.P. art. 894.1 B(29) (“defendant’s criminal conduct is the result of circumstances unlikely to recur.”). He also found that Mr. Fonte-not, when not confined in prison, had chronically failed to complete the requirements of either probation or parole. See also La.C.Cr.P. art. 894.1 B(30) (“defendant is particularly likely to respond affirmatively to probationary treatment.”) And, in any event, a suspended sentence and placement on probation was not a lawful option in Mr. Fontenot’s case because he is a fourth felony offender. See La. R.S. I,,15:529.1 G. Finally, the sentencing judge stated that he gave “great consideration to the defendant’s lack of an employment history and his failure to be a productive and contributing member of society for most of his adult life.”
Mr. Fontenot argues that the sentencing judge did not give sufficient consideration to the cause and effect relationship between Mr. Fontenot’s drug addiction and his offense. We do not agree. The sentencing judge simply recognized that community-based drug treatment had been ineffective in treating Mr. Fontenot’s addiction and in abating his resulting criminal behaviors.
Importantly, for purposes of our review for unconstitutional excessiveness, Mr. Fontenot introduced no evidence whatsoever from which either a fact-finder such as the sentencing judge or a reviewing court could find that the forty-year sentence for this addict was nothing more than purposeless infliction of pain and suffering. See, e.g., State v. Johnson, 43,302 (La.App. 2 Cir. 4/30/08), 982 So.2d 260 (defendant’s life sentence as a fourth felony offender for simple possession of cocaine was warranted). There is, thus, no record evidence by which we could make such a finding and give Mr. Fontenot the relief authorized by DoHhey.[7]
C
We conclude that the sentencing judge adequately complied with the directive of Article 894.1 and the resulting sentence was within his great discretion and entitled to our deference on review. We also conclude that his sentence does not violate the guarantee against excessive punishment.
1 i2DECREE
The conviction of Brandon Fontenot and his forty-year sentence as an habitual offender are affirmed.
AFFIRMED.

. We have, as we always do, reviewed the record for errors patent and have found none. See La.C.Cr.P. art. 920(2).

. Proof that the substance was methamphetamine was by stipulation.

. The record suggests that Mr. Dowling had previously entered guilty pleas to possession of methamphetamine and to possession of marijuana.

.This same discussion of the standard of review is substantially found at State v. Moore, 11-0025, pp. 5-7 (La.App. 4 Cir. 9/7/11), 75 So.3d 22, 25-26.

. A Schedule II drug may only be dispensed with a valid prescription. See La. R.S. 40:978 A. The prosecution does not bear the burden, however, of proving that the drug was not obtained by a prescription; the defendant must prove the existence of the prescription. See La. R.S. 40:990; see also State v. Clark, 05-0136, pp. 4-5 (La.App. 4 Cir. 5/18/05), 904 So.2d 793, 795-796. Here, Mr. Fontenot has not contended that the methamphetamine was obtained pursuant to a valid prescription.

. The district judge ordered a pre-sentence investigation and report. See La.C.Cr.P. art. 875 A(l). The PSI report is not included in the record on appeal. See La.C.Cr.P. art. 877.

. Mr. Fontenot has also requested remand for re-sentencing. But he has made no offer of proof as to what he could have shown at sentencing to support relief under Dorthey.